# IN THE SUPREME COURT OF THE STATE OF NEVADA

BENJAMIN B. CHILDS,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
ADRIANA ESCOBAR, DISTRICT
JUDGE,
Respondents,
and
WLAB INVESTMENT, LLC; TKNR,
INC., A CALIFORNIA CORPORATION;
CHI ON WONG, A/K/A CHI KUEN
WONG, AN INDIVIDUAL; KENNY
ZHONG LIN, A/K/A KEN ZHONG LIN,
A/K/A KENNETH ZHONG LIN, A/K/A
WHONG K. LIN, A/K/A CHONG
KENNY LIN, A/K/A ZHONG LIN, AN
INDIVIDUAL; LIWE HELEN CHEN,
A/K/A HELEN CHEN, AN
INDIVIDUAL; YAN QUI ZHANG, AN
INDIVIDUAL; INVESTPRO LLC, D/B/A
INVESTPRO REALTY, A NEVADA
LIMITED LIABILITY COMPANY; MAN
CHAU CHENG, AN INDIVIDUAL;
JOYCE A. NICKRANDT, AN
INDIVIDUAL; INVESTPRO
INVESTMENTS LLC, A NEVADA
LIMITED LIABILITY COMPANY; AND
INVESTPRO MANAGER LLC, A
NEVADA LIMITED LIABILITY
COMPANY; AND JOYCE A.
NICKDRANDT, AN INDIVIDUAL,
Real Parties in Interest.

No. 82967

FILED

OCT 19 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

 
21-30024

## ORDER GRANTING PETITION

This original petition for a writ of mandamus or prohibition challenges a district court order imposing sanctions under NRCP 11.[1] We conclude that mandamus relief is warranted because the district court abused its discretion by awarding sanctions against petitioner in contravention of NRCP 11's explicit and mandatory procedural requirements.[2] *Watson Rounds, P.C. v. Eighth Judicial Dist. Court*, 131 Nev. 783, 786-87, 358 P.3d 228, 231 (2015) (reviewing a district court's sanctions order against an attorney for an abuse of discretion and observing that a petition for writ relief is the appropriate means for a non-party attorney to challenge such an order). In particular, real parties in interest did not serve notice of their motion at least 21 days before they filed the motion with the district court and the motion was not made separately from their summary judgment motion as required by NRCP 11(c)(2). The purpose of that provision is to allow the offending party to correct or withdraw a problematic pleading, and petitioner was not afforded the benefit of that provision, which would allow him to avoid sanctions under that rule.[3] *Watson Rounds*, 131 Nev. at 787, 358 P.3d at 231; *Barber v.*

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this matter.

[2]Although petitioner alternatively requests a writ of prohibition, prohibition is not an appropriate remedy here because the issue does not concern the district court's jurisdiction.

[3]Although the summary judgment originally entered by the district court directed the real parties to prepare an order to show cause, the court's amended summary judgment removed that provision such that the district

(O) 1947A

*Miller*, 146 F.3d 707, 710-11 (9th Cir. 1998). Thus, before sanctions may be imposed against an offending attorney, that attorney must be given "notice and a reasonable opportunity to respond." NRCP 11(c); *Lioce v. Cohen*, 124 Nev. 1, 26, 174 P.3d 970, 986 (2008) (same). Here, real parties in interest failed to comply with the mandatory procedural requirements of NRCP 11(c), which precludes the imposition of sanctions under Rule 11.[4] We therefore

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate the portion of its order imposing sanctions against petitioner and to have the underlying district court case reassigned to a different district court judge.[5]

_____, C.J.
Hardesty

_____, J.
Stiglich

_____, Sr.J.
Gibbons

---

court did not order petitioner to show cause why he should not be sanctioned. *See* NRCP 11(c)(3) (providing that the court, on its own, may order an attorney to "show cause why conduct specifically described in the order has not violated Rule 11(b)").

[4]We are not persuaded by real parties in interest's argument that the district court could have awarded sanctions under NRS 7.085 or NRS 18.010(2)(b), as the district court expressly granted "attorneys' fees and costs pursuant to Rule 11."

[5]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

cc: Hon. Adriana Escobar, District Judge
Chief Judge, Eighth Judicial District Court
Benjamin B. Childs
Michael B. Lee, P.C.
Day & Nance
Eighth District Court Clerk